UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-178-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ORVILLE J. BUTZIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Christopher Wilson and Defendant Orville Butzin were involved in a motor vehicle accident in Winchester, Kentucky on January 7, 2016. Wilson alleges that he was driving his truck along Interstate 64 when Butzin rear-ended him while driving a tractor/trailer. Wilson filed suit in Clark County Circuit Court on December 15, 2017, alleging that he suffered severe bodily injuries, pain, and reduced ability to earn money as a result of Butzin's negligence.

Butzin removed the case to this Court on April 30, 2020, based on diversity of citizenship under 28 U.S.C. § 1332. However, because the case was removed more than one year after its filing date, the Court required Butzin to show cause why it should not be remanded to state court. *See* 28 U.S.C. § 1446(c). Butzin responded by alleging that Wilson had acted in bad faith by "deliberately and knowingly avoid[ing] any attempt to serve the nonresident Butzin at his known address for over two (2) years after filing the action." [Record No. 5]  This motion for summary judgment followed.

Because Butzin has demonstrated that the action was not commenced within the applicable two-year statute of limitations, his motion for summary judgment will be granted.

**I.**

The parties agree that Wilson attempted to serve Butzin on December 15, 2017, *via* certified mail at 141 Ellemoor Lane in Lexington, Kentucky. *See* Ky. R. Civ. P. 4.01. Butzin concedes that this initial effort at service was made in good faith, as this was Butzin's former address and the address listed on the police report. [*See* Record No. 11-1, p. 3.] However, Butzin no longer lived at that address, as reflected in the Clark Circuit Court docket, which shows that the Summons and Complaint was returned undelivered on December 22, 2017. The returned envelope was stamped with Butzin's forwarding address, which was added to the docket text: "12942 Galloway Cir., Fishers, IN 56033-9249." [Record Nos. 7-2, p. 2; 7-3, p. 2]

No additional docket activity occurred until a new Summons was issued on June 4, 2019. Wilson again attempted service at the Ellemoor Lane address in Lexington, with a deputy from the Fayette County Sheriff's Office noting "subject does not live at this address." [Record No. 7-4, pp. 2-3] Another Summons was issued on March 19, 2020, when Wilson apparently tried to serve Butzin at an address in Clark County, Kentucky. That Summons was returned unexecuted on April 7, 2020, marked, "not served, unfound in Clark County." [Record No. 7-5, pp. 2-3] Finally, pursuant to Kentucky's long-arm statute, Wilson served a new Summons on the Kentucky Secretary of State, who delivered it to Butzin at the Galloway Circle address in Fishers, Indiana, on April 23, 2020. *See* Ky. Rev. Stat. § 454.210. [Record No. 7-2, p. 2; 7-6, p. 2] Butzin filed an Answer and Notice of Removal on April 30, 2020.

Wilson says there is a good explanation for the apparent lapse in activity after the initial, unsuccessful attempt to serve Butzin by certified mail. According to Wilson, "[Butzin's] agent, Dennis Corley of MGM Adjusting, acknowledged receipt of summons and complaint . . . and requested an extension up and until March 4, 2018 within which to file an Answer." [Record No. 11, p. 2]  In support, Wilson has tendered correspondence from insurance adjusters McIntyre, Gilligan & Mundt, Inc., dated January 4, 2018. It provides:

> Dear Attorney Martin:
> Our company, MGM Adjusters, Inc., is assisting FedEx Ground in the investigation of the above captioned matter. We acknowledge receipt of your recent correspondence and the enclosed summons and complaint filed against our contracted service provider and its driver. We confirm that FedEx Ground is managing this matter under their self-insured retention. . . . [W]e request that you grant us a 60-day extension from this date to answer the complaint that you filed. . . . We ask that you please acknowledge this request by signing below and returning a copy of this letter to us via mail at the address above.

[Record No. 11-2, p. 1 (emphasis added).]

Wilson, through attorney Martin, apparently agreed to Corley's request for an extension and, on January 17, 2018, Corley extended a settlement offer to Wilson which he rejected. [Record No. 11-3, p. 1]  Thereafter, Deanna Casebolt, a legal assistant at Martin's law office, communicated directly with Dave Kadosh, a claims examiner at FedEx.[1]  [Record No. 11-4] By March 18, 2019, when the parties still had not been able to reach a settlement, Casebolt advised Kadosh: "[P]lease have you're [sic] counsel file an answer and proceed accordingly." [Record No. 11-5]

---

[1]  Wilson claims Butzin was an employee of FedEx at the time of the accident, but this is not alleged in the Complaint. [Record No. 11, p. 2]  Butzin contends that Caliber Express was his employer. [Record No. 12, pp. 1-2]  Regardless of this factual dispute, the identity of Butzin's employer is not dispositive for purposes of resolving Butzin's motion to dismiss.

Wilson resumed efforts to serve Butzin—the only defendant named in the Complaint—in May 2019. Despite the Clark Circuit Court having received and docketed Butzin's forwarding address in Fishers, Indiana, Wilson reports that he "had no verified information of an out of state address for the defendant." [Record No. 11, p. 4] According to Wilson, a "White Pages Smart Check" report and Butzin's Facebook profile led him to believe that Butzin could still be found in Kentucky. And after subsequent attempts at service in Kentucky were unsuccessful, however, he utilized Kentucky's long-arm statute to serve Butzin at his residence in Indiana.

## II.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The moving party has the initial burden to show that there is no genuine issue of material fact, but once the moving party has met its burden, the nonmoving party must demonstrate that there is sufficient evidence from which the jury could render a verdict in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).[2]

---

[2]   A party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Although formal discovery has not yet commenced, both parties have submitted various exhibits in support of their respective

- 5 -

### III.

### A. Two-Year Statute of Limitations Applies

A federal court deciding a state-law claim applies the relevant state statute of limitations. *Gibson v. Slone*, No. 10-145-ART, 2011 WL 2009815, at *1 (E.D. Ky. May 23, 2011) (citing *Powell v. Jacor Commns. Corp.*, 320 F.3d 599, 602 (6th Cir. 2003)). This Court also applies state law to determine when an action "commences and when the limitations clock stops ticking." *Id.* The Kentucky Motor Vehicle Reparations Act provides the statute of limitations for actions "with respect to accidents occurring" in Kentucky and "arising from the ownership, maintenance, or use of a motor vehicle." *Interlock Indus., Inc. v. Rawlings*, 358 S.W.3d 925, 927-28 (Ky. 2011); Ky. Rev. Stat. § 304.39-230(1). When the plaintiff has received basic reparation benefits such as personal injury protection ("PIP") coverage, the action must be commenced not later than two years after the last payment of benefits. *See id.*

The defendant has provided documentation indicating that Wilson received PIP benefits, the last of which was paid on March 8, 2016. [Record No. 7-1] Wilson does not contest this fact, nor does he dispute that two years is the applicable statute of limitations. Accordingly, Wilson was required to commence this action on or before March 8, 2018.

Kentucky Revised Statutes § 413.250 provides that "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." It is undisputed that the Complaint was filed and the initial Summons was issued prior to the expiration of the limitations period (on December

---

positions, and the plaintiff has not cited any inability to respond to the motion under Rule 56(d).

15, 2017). The plaintiff also concedes that "this initial effort was appropriate and made in good faith, as that address was the only known address at the time." [Record No. 7, p. 4] However, Butzin contends that the action is untimely because Wilson "abandoned [the initial] summons almost immediately and took no further action of any kind to attend service or reissue valid summons" until more than a year after the statute of limitations expired. *Id.*

**B.** **Wilson Abandoned Any Good Faith Effort to Serve the Initial Summons**

The issuance of Summons is presumptive evidence that the plaintiff intends to serve the plaintiff in due course. *Vidal v. Lexington-Fayette Urban Cty. Gov.*, No. 5: 13-117-DCR, 2014 WL 4418113 (E.D. Ky. Sept. 8, 2014) (citing *Rucker's Adm'r v. Roadway Exp.*, 131 S.W.2d 840, 842 (Ky. 1939)). However, this presumption can be rebutted by the facts. *Id.* And "[g]ood faith requires 'a bona fide intention to have the summons filled out and signed by the clerk, accompanied by a bona fide, unequivocal intention to have it served or proceeded on presently or in due course or *without abandonment*." *Id.* (emphasis added).

Here, there is nothing to suggest that Wilson did not have a good faith intention to serve Butzin with the Complaint when the Summons was issued initially. Butzin contends that Wilson's lack of good faith is evidenced by his failure to make further attempts at service for nearly a year and a half. Not surprisingly, Wilson sees things differently. He argues that his continuing good faith intention to serve Butzin is demonstrated by his reasonable understanding "that service had been accepted per representations of Defendant's agent." However, he does not point to any facts or analysis suggesting that Dennis Corley or MGM Adjusters were Butzin's agents for the purpose of accepting service (or any other purpose).

In evaluating actual or apparent authority, the principal has to do something to create an agency relationship. Actual authority is created when a principal expressly grants the agent

- 6 -

authority to act on its behalf. *Kindred Nursing Ctrs. Ltd. P'Ship v. Brown*, 411 S.W.3d 242, 249 (Ky. Ct. App. 2011). Conversely, apparent authority is established when the principal represents that the agent has authority to act on its behalf, the third party reasonably believes the agent has such authority, and the third party's belief is traceable to the principal's representations. *Muncy v. Intercloud Sys., Inc.*, No. 14-111, 2016 WL 6471452, at *3 (E.D. Ky. Nov. 1, 2016) (citing *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 499 (Ky. 2014)). "When apparent authority is at issue, the court must look not to the purported *agent's* manifestations, but to the *principal's* manifestations that the purported agent had authority to act on his behalf." *Id.* (emphasis in original) (citing *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581 (Ky. 2012).

In the present case, Wilson has not provided any facts suggesting that Butzin made a representation indicating that Corley or MGM was authorized to accept service on his behalf. And while not necessary to the resolution of this motion, Butzin has tendered a January 2020 e-mail exchange between Corley and Casebolt (assistant to Wilson's counsel) indicating that Wilson did *not* believe that Corley had accepted service on Butzin's behalf. Wilson now claims that "it was not until April of 2020 that [he] was on notice that service on this Defendant might be an issue." [Record No. 11, p. 8] However, the January 22, 2020 e-mail from Casebolt to Corley stated: "So far you're [sic] insured has dodged the sheriff and failed to pick up the certified mail so we would appreciate them accepting service through you." [Record No. 12-1, p. 2]

Butzin is the *only* defendant named in this matter—neither his employer nor the fact of his employment is even mentioned in the Complaint. Achieving proper service upon a defendant within the time permitted is a plaintiff's responsibility. *See Byrd v. Stone*, 94 F.3d

217, 219 (6th Cir. 1996). Here, the question is whether Wilson's attempt to serve Butzin was made in good faith. Good faith does not require "perfection or complete accuracy," but requires that the plaintiff not take advantage of, deceive, or be underhanded. *CPC Livestock, LLC v. Fifth Third Bank, Inc.*, 495 B.R. 332, 344 (W.D. Ky. 2013).

A pair of Kentucky Court of Appeals decisions from the 1930s is instructive. In *Rucker's Administrator v. Roadway Express, Inc.*, 131 S.W.2d 840 (Ky. 1939), William Rucker's administrator sued Roadway Express based on a September 2, 1936 automobile collision. The action was filed on August 31, 1937, and a Summons was issued that same day. The Summons was directed to the sheriff of Jefferson County and delivered to the plaintiff's attorney, who took it to his office and never delivered it to the sheriff for service. A new Summons was issued on October 13, 1937, directed to the sheriff, delivered to the plaintiff's attorney, and executed immediately.

The defendant moved to dismiss based on the one-year statute of limitations, arguing that the filing of the action and issuance of process on August 31 was not in good faith because the process was not delivered to the sheriff for service. The plaintiff's attorney provided several reasons for his failure to serve the initial Summons: He took the Summons back to his office while looking for the name of the defendant's process agent but could not find it. During the time he was investigating the identity of the process agent, his wife became ill and was hospitalized for three weeks. He did not attend to any business in the office during that period. When he returned, he found the name of the defendant's process agent, but could not find the Summons, as it had been misplaced. At that point, the plaintiff's attorney had a new Summons issued. *Id.* at 841-42.

The court concluded that these circumstances reflected a good faith intention to have the Summons presently executed without any abandonment of such intention. The court was particularly influenced by the fact that the attorney's wife was in the hospital for three of the six weeks during which service of the Summons was delayed. It observed that the plaintiff's attorney was "undoubtedly guilty of negligence . . . which [came] perilously near to barring his client's right of action." *Id.* at 843. While negligence alone will not bar a cause of action, "a mere negligent delay, if of sufficient length of time, may have the effect of indicating a lack of good faith in having the process issued."

In *Louisville & N.R. Co. v. Little*, 95 S.W.2d 253 (Ky. Ct. App. 1936), Ora Little sued Louisville & N.R. Co., alleging that he was wrongfully shot and wounded by its agent on February 3, 1933. Little filed suit on January 15, 1934 and obtained Summons on that date. His attorney placed the Summons in an office file and it was not delivered to the sheriff for service until March 10, 1934, more than 13 months after the cause of action accrued. The plaintiff's attorney explained that "the matter was overlooked." *Id.* at 254. However, the plaintiff's father testified that he had advised the attorney that he wanted to prosecute the agent who shot his son and to have the Summons served on him before it was served on the railroad company. The court concluded that the "plaintiff either deliberately withheld the actual legal issuance of the Summons, or through oversight postponed the starting of the litigation until after the bell had rung out the hour barring his right of action." *Id.* at 255. Either way, the action was commenced outside the statute of limitations and should have been dismissed. *Id.*

This case is more like *Little* than *Rucker's Administrator*, but Wilson's failure to serve the defendant here is more egregious. While Wilson's initial attempt to serve Butzin appears legitimate, it was ineffective, and he did not make another attempt for over 17 months. Wilson

- 9 -

repeatedly makes the conclusory allegation that his initial attempt at service tolled the statute of limitations indefinitely. *Rucker's Administrator* does not support this argument, as there is no question that the plaintiff there had every intention of serving the defendant at the time the initial Summons was issued. However, due to administrative error and the attorney's wife's illness, the Summons was lost and service was delayed for six weeks. The court found these circumstances "perilously near" a lack of good faith that would have barred the plaintiff's cause of action. 131 S.W.2d 843.

Likewise, Butzin's reliance on the more recent decision in *Nanny v. Smith*, 260 S.W.3d 815 (Ky. 2008), is misplaced. That case provided for equitable tolling when the *court clerk* did not issue Summons until after the expiration of the statute of limitations, despite timely filing of the Complaint. It is inapposite to the circumstances here because any fault concerning the Summons lies with plaintiff, not court staff. Whether the delay in effecting service on Butzin was part of Wilson's strategy in attempting to reach a settlement with FedEx, or whether it was purely attributable to counsel's negligence, a delay of this magnitude cannot be overlooked.

Finally, Wilson contends that Butzin waived any defense based on the statute of limitations by failing to raise it in his Answer. But Butzin maintains that he did raise the defense by asserting that the "Complaint is barred by the provisions of the Kentucky Motor Vehicle Reparations Act." [Record No. 1-1, p. 20] While the defendant's Answer does not clearly reference the statute of limitations, the failure to raise an affirmative defense in an Answer does not always result in waiver. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). "The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond." *Id.* The defendant filed his Answer

and Notice of Removal on April 30, 2020.  The motion summary judgment followed less than two months later, on June 18, 2020.  These proceedings are in their infancy—no scheduling order has been entered and no formal discovery has begun.  Wilson does not claim to have been taken by surprise or deprived of a chance to respond based on Butzin's statute-of-limitations defense.  Accordingly, there is no reason to elevate form over substance and exclude consideration of this argument.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Orville J. Butzin's motion for summary judgment [Record No. 7] is **GRANTED**.

Dated:  August 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky